**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

FILED

JUL 9 2003

U. S. DISTRICT COURT
EASTERN DISTRICT
ST. LOUIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) **Case No. 4:97 CR 141 ERW** |
| | ) |
| **NORRIS HOLDER,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on the defendant's motion for appointment of counsel filed June 12, 2003.

On March 26, 1998, a jury convicted the defendant of one count of robbing a bank by force or violence in which a killing occurred, in violation of 18 U.S.C. § 2113(a) and (e), and one count of carrying a firearm during a crime of violence and committing murder, in violation of 18 U.S.C. § 924(c)(1) and (j)(1). On July 23, 1998, the Court sentenced the defendant to death on both counts pursuant to 18 U.S.C. § 3591, et. seq. Defendant filed a timely notice of appeal and the Eight Circuit Court of Appeals affirmed defendant's conviction and sentence. See United States v. Allen, 247 F.3d 741 (8th 2001). On June 9, 2003, the United States Supreme Court denied defendant's petition for writ of certiorari. See Holder v. United States, 123 S. Ct. 2273 (Mem.) (2003). Defendant indicates that he will file a petition for rehearing from that denial.

In his motion for appointment of counsel, defendant requests the appointment of counsel so that he may "pursue all available postconviction remedies." Specifically, defendant requests that counsel be appointed as soon as possible in light of the fact that the one-year limitation period for filing a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is already running. Because the defendant seeks appointment of counsel so that he may file a § 2255 motion, the Court will order the Clerk of Court to remove this motion from the case file and file it as a separate case initiating defendant's "post conviction proceeding" under § 2255. See McFarland v. Scott, 512 U.S. 849, 854 (1994) (concluding that 'post conviction proceeding' within the meaning of 21 U.S.C. § 848(q)(4)(B) is commenced by the filing of a capital defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding).[1] As soon as this motion has been filed as a separate action, the Court will address the defendant's request for appointment of counsel.

---

[1]The policy of this district is to file and docket a movant's § 2255 motion as a separate civil case and address movant's request for relief in that case rather than in the closed criminal file. By filing defendant's motion for appointment of counsel as a separate action, the Court can address both pre-filing issues and his § 2255 motion within a single case. If the Court waits for the filing of the actual § 2255 motion to open a new action, then part of the proceeding's record would be contained in the closed criminal file which may cause confusion and would be inconsistent with this Court's approach to § 2255 motions.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** the Clerk of Court shall remove from this file defendant's motion for appointment of counsel [Doc. #639] and file and docket is as a postconviction proceeding commenced under 28 U.S.C. § 2255.[2]

Dated this __9th__ day of July, 2003.

UNITED STATES DISTRICT JUDGE

---

[2]The Clerk shall retain a photocopy of defendant's motion in the instant criminal file.

- 3 -

UNITED STATES DISTRICT COURT – EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 07/14/03 by kklein
                 4:03cv923       vs Holder

28:2255 Motion to Vacate / Correct Illegal Sentence

Jennifer Herndon -  77205          Fax: 314-831-5645
Joseph Landolt -  6484             Fax: 314-539-2777

SCANNED & FAXED BY

JUL 1 4 2003

SAU