UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NORRIS HOLDER, | ) | |
| | ) | |
| Movant, | ) | No. 4:03CV0923 ERW |
| | ) | |
| vs. | ) | ***This is a Capital Case*** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### MOVANT'S REQUEST FOR EVIDENTIARY HEARING

COMES NOW movant, Norris Holder, by and through counsel, and requests an evidentiary hearing to introduce evidence in support of his ineffective assistance of counsel claims set out in ¶ 12.C(a)-(k) of his 2255 motion.

### *The Standard for an Evidentiary Hearing*

A § 2255 movant is entitled to an evidentiary hearing "unless the motion, files and record conclusively show that he is not entitled to relief."[1]  A § 2255 motion may only be dismissed without a hearing if the allegations, even if true, would not entitle him to relief or the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory rather than factual.[2]

---

[1] *See Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir. 2001); 28 U.S.C. § 2255 [¶ 2].

[2] *See Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995).

***Movant is Entitled to a Hearing on His Ineffective Assistance of Counsel Claims***

Movant's ineffective assistance of counsel claims are set out in ¶ 12.C(a)-(k) of his 2255 motion.  Each claim alleges specific facts, not conclusions, which if true, would entitle him to relief.  Because the allegations are not contradicted by the record, or inherently incredible, movant is entitled to an evidentiary hearing to prove his claims.

### *Conclusion*

Movant is under a sentence of death.  There is a strong presumption in favor of evidentiary hearings where said hearing is a persons's last opportunity to produce evidence challenging the procedures that resulted in his death sentence.[3]  Movant has pled facts, noc conclusions, which if proven, would entitle him to relief.  These factual allegations are not contradicted by the files and record of the case, and are in dispute.  Thus, movant is entitled to an evidentiary hearing on the ineffective assistance claims contained in his § 2255 motion.

Respectfully submitted,

/s/ Christopher E. McGraugh
CHRISTOPHER E. MCGRAUGH, #25278
Leritz, Plunkert & Bruning, P.C.
One City Center, Suite 2001
St. Louis, Missouri 63101
(314) 231-9600
(314) 231-9480 - Facsimile
E-mail: cmcgraugh@leritzlaw.com

/s/ Michael J. Gorla
MICHAEL J. GORLA, #3251
720 Olive Street, Suite 1630
St. Louis, Missouri 63101
(314) 621-1617
(314) 621-7448 - Facsimile
E-mail: mjgorla@msn.com

*Counsel for Norris Holder*

---

[3]*See Ford v. Wainwright*, 477 U.S. 399, 411 (1996).

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2004, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:  Mr. Joseph M. Landolt, Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.

/s/ Michael J. Gorla
Michael J. Gorla, #3251
Attorney for Norris Holder
720 Olive Street, Suite 1630
St. Louis, Missouri 63101
(314) 621-1617
(314) 621-7448 - Facsimile
E-mail: mjgorla@msn.com

3