UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NORRIS HOLDER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:03CV923 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S MOTION TO FURTHER NARROW
THE ISSUES  SUBJECT TO A HEARING**

Comes now the United States of America, by and through its attorneys, James G. Martin, United States Attorney for the Eastern District of Missouri, Steven E. Holtshouser, Joseph Landolt and Roger Keller, Assistant United States Attorneys for said District and requests this Court to further narrow the issues subject to a hearing in this case and in support thereof states as follows:

In December, 2004, this Court entered an Order narrowing the scope of the evidentiary hearing in this case to the factual circumstances surrounding several enumerated claims by movant. These included Claim 12A, "violation of the Fifth Amendment indictment clause," and Claim 12C(a), "counsel's unreasonable and prejudicial failure to challenge the indictment". Both of these issues relate to the failure of trial and appellate counsel to preserve or raise the claim that Norris Holder's Fifth Amendment rights were violated by the failure of the Government to obtain an indictment which alleged the statutory aggravating factors upon which the underlying criminal case was submitted to the jury. Co-defendant Billie Allen had preserved this issue and argued it in his direct appeal. The first panel for the Eighth Circuit to consider the Allen case rejected Mr. Allen's

1

arguments.  United States v. Allen, 247 F.3d 741 (8th Cir. 2001).  Subsequently, and while Mr. Allen's petition for a Writ of Certiorari was pending, the Supreme Court decided Ring v. Arizona, 536 U.S. 584 (2002), and remanded the Allen case to the Eighth Circuit for further consideration.  Allen v. United States, 536 U.S. 953 (2002).  A divided panel found that Mr. Allen's Fifth Amendment rights had been violated and that such violation was not harmless beyond a reasonable doubt and vacated the death penalty sentence against Mr. Allen.  United States v. Allen, 357 F.3d 745, 748-58 (8th Cir. 2004).  Thereafter, the Eighth Circuit agreed to consider the case en banc and vacated the panel opinion.  The case was argued in September, 2004 and recently a unanimous Eighth Circuit en banc reinstated the death penalty against Mr. Allen and held that the Fifth Amendment indictment right violation in question was harmless beyond a reasonable doubt and, therefore, once again affirmed the conviction and sentence against Mr. Allen in all respects.  United States v. Allen, No. 98-2549 (8th Cir., May 2, 2005).  On May 5, 2005, the Court granted Mr. Allen's request for an extension of time until May 31, 2005 to file a petition for rehearing and on May 10, 2005, the Eighth Circuit denied Mr. Allen's motion to stay the Court's mandate.

Given the Eighth Circuit's unanimous en banc ruling in the Allen case, Mr. Holder's claim that his sentence should be set assigned for failure to charge the statutory aggravating factors in the indictment is without merit and no longer warrants an evidentiary hearing.  The same is also true of movant's claim that his trial and appellate counsel were ineffective in failing to preserve or argue the Fifth Amendment indictment right violation in his case.

Mr. Allen and Mr. Holder were charged in the same indictment and the same grand jury that heard the evidence against Mr. Allen also heard the same evidence against Mr. Holder.  It is axiomatic that if the Fifth Amendment indictment right violation constituted harmless error beyond

2

a reasonable doubt in Mr. Allen's case, then the same is true with respect to Mr. Holder. Accordingly, neither ground warrants a hearing at this time.

Movant will undoubtedly point out that a motion for rehearing has not yet been ruled on by the Eighth Circuit.  He will also argue that even if it is denied, Mr. Allen will be entitled to seek another Writ of Certiorari from the Supreme Court.  While this is true, there is no point in this Court considering a hypothetical claim of error and ineffective assistance of counsel in the unlikely event that the Eighth Circuit en banc reconsiders its unanimous opinion or the Supreme Court grant Certiorari in this case.  The Allen ruling is dispositive of both of the claims in question made by movant.  In the event that the Eighth Circuit agrees to a rehearing or that the Supreme Court takes any action which calls into question the validity of the Allen en banc opinion, the government will not object to movant reinstating his claims concerning the Fifth Amendment indictment right violation as part of his initial 2255 petition.  Accordingly, movant will not be prejudiced by removing these issues from the evidentiary hearing in this case.  It would constitute a waist of judicial resources to take evidence and hold a hearing pertaining to an issue that has been determined to be without merit by the Eighth Circuit en banc.

**WHEREFORE,** the Government respectfully requests that issues 12A and 12C(a) be eliminated from the scope of the hearing in this case.

Respectfully submitted,

JAMES G. MARTIN
United States Attorney

/s/ Steve Holtshouser

STEVEN E. HOLTSHOUSER, #24277
JOSEPH M. LANDOLT, #6484
ROGER KELLER, #27182
Assistant United States Attorneys
111 South 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200 (phone) (314) 539-2309 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2005, the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Christopher E. McGraugh
Attorney at Law
1 City Centre, Suite 2001
St. Louis, MO 63102

Michael J. Gorla
Attorney at Law
720 Olive, Suite 1630
St. Louis, MO 63101

/s/Steve E. Holtshouser
Assistant United States Attorney

4