UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NORRIS HOLDER, | ) | |
| | ) | |
| Movant, | ) | No. 4:03CV0923 ERW |
| | ) | |
| vs. | ) | *This is a Capital Case* |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONSE TO GOVERNMENT'S MOTION TO
FURTHER NARROW THE ISSUES SUBJECT TO A HEARING**

COMES NOW Norris Holder, by and through counsel, Christopher E. McGraugh and Michael J. Gorla, and for his response to the government's motion to further narrow the issues subject to a hearing, states as follows:

An evidentiary hearing is scheduled before this Court beginning on July 18, 2005 on six issues contained in Mr. Holder's § 2255 motion. The government seeks to eliminate two issues from said hearing based upon the Eighth Circuit's recent en banc decision in *United States v. Billie Jerome Allen*.[1] Both of said issues, Claims 12A and 12C(a), relate to the government's failure to include at least one statutory aggravating circumstance in the indictment, a claim which the Eighth Circuit held to be harmless beyond a reasonable doubt in its en banc decision in the *Allen* case. The government's position is that the recent decision in *United States v. Allen* is the law in this circuit, and binds this Court to deny Claims 12A and 12C(a). The government opines that, since this Court

---

[1]2005 WL 1005101 (8th Cir. May 2, 2005) (en banc).

is bound by the *Allen* decision, it would constitute a "waist of judicial resources to take evidence and hold a hearing" on said issues. The government's position is flawed in a number of respects.

First, the *Allen* decision is not final. A decision is final by definition when the Supreme Court denies certiorari, or ultimately acts on a certiorari petition, or when the time to file a certiorari petition expires without a petition being filed.[2] Assuming no petition for a rehearing is filed in the Eighth Circuit, the time to file certiorari will expire on August 1, 2005, ninety days from the date of the *Allen* decision. Given the history of the *Allen* case, it is safe to assume that a petition for certiorari will be filed seeking review of the Eighth Circuit's en banc decision. While no one can predict with 100% accuracy what the Supreme Court will do, a certiorari grant would be no surprise in view of the fact that *Apprendi*[3] and *Ring*[4] issues are currently some of the hottest issues before the Supreme Court.[5] Since the *Allen* decision will not be final on the date set aside for Mr. Holder's evidentiary hearing, it would be prudent and sensible for this Court to proceed with the evidentiary hearing on Claims 12A and 12C(a).

Second, all of the witnesses who would offer testimony on claims 12A and 12C(a) will be present before this Court at the July hearing to testify on other issues. These witnesses include Richard Burr of Oklahoma, Richard Sindel, Jennifer Herndon and Daniel Mohs. Their testimony on Claims 12A and 12C(a) will be relatively brief. Judicial economy warrants that this Court take

---

[2] *See Griffith v. Kentucky*, 479 U.S. 314, 321, n. 6 (1987).

[3] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[4] *Ring v. Arizona*, 537 U.S. 584 (2002).

[5] *See, e.g., Blakely v. Washington*, 124 S.Ct. 2531 (2004); *United States v. Booker*, 125 S.Ct. 738 (2005).

evidence on Claims 12A and 12C(a) while the witnesses are before the Court.  Regardless of how the *Allen* case plays out, said issues will be fully developed, and ripe for this Court and/or appellate court review without the need for a further evidentiary hearing.

The government's proposal - that the Court not take evidence on Claims 12A and 12C(a), but in the event that *Allen* is overturned, reconvene at a later date for an evidentiary hearing - is simply impractical.  If the Supreme Court does reverse *Allen*, said event will most likely occur after the district court proceedings in this case are complete.  How do you reconvene for a hearing in district court on a case that is no longer pending in the district court?  The most prudent and sensible approach is to take evidence on Claims 12A and 12C(a) at the July hearing and complete the district court record.

Mr. Holder has an obligation to diligently pursue each and all of his claims.  Petitioner is ready to proceed with evidence on July 18, 2005 on the six claims on which this Court has previously granted an evidentiary hearing.  Mr. Holder will not agree to forego an evidentiary hearing on Claims 12A and 12C(a) despite the government's assertion that he will be able to reassert them at a later date if the judgment in the *Allen* case is reversed.  As this Court knows, there is a one year period of limitations which applies to a petition filed under § 2255.  It is likely that the pendency of a § 2254 petition does not toll the one year period of limitations.[6]  If that is true, then the one year statutory period has already expired.  Notwithstanding the government's assurance that it will not object, Mr. Holder cannot assume that he will be able to reinstate his claims at a later date if *Allen* is reversed in view of the applicable period of limitations.

---

[6]*See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (a properly filed § 2254 petition does not toll the applicable limitations period).

WHEREFORE, for each of the foregoing reasons, petitioner prays that this Court deny the government's motion to eliminate Claims 12A and 12C(a) from the evidentiary hearing be denied, and that the hearing proceed on the claims outlined in the Court's order dated May 10, 2005, including Claims 12A and 12C(a).

Respectfully submitted,

/s/ Christopher E. McGraugh
CHRISTOPHER E. MCGRAUGH, #25278
Leritz, Plunkert & Bruning, P.C.
One City Center, Suite 2001
St. Louis, Missouri 63101
(314) 231-9600
(314) 231-9480 - Facsimile
E-mail: cmcgraugh@leritzlaw.com

/s/ Michael J. Gorla
MICHAEL J. GORLA, #3251
720 Olive Street, Suite 1630
St. Louis, Missouri 63101
(314) 621-1617
(314) 621-7448 - Facsimile
E-mail: mjgorla@msn.com

*Counsel for Norris Holder*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2005, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Mr. Steven E. Holtshouser and Mr. Joseph M. Landolt, Assistant United States Attorneys, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.

/s/ Michael J. Gorla
Michael J. Gorla, #3251
Attorney for Norris Holder
720 Olive Street, Suite 1630
St. Louis, Missouri 63101
(314) 621-1617
(314) 621-7448 - Facsimile
E-mail: mjgorla@msn.com

4