HOLDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NORRIS G. HOLDER, )
)
Petitioner, )
)
v. ) No. 4:03-CV-923-ERW
)
UNITED STATES OF AMERICA, )
)
Respondent. )

EVIDENTIARY HEARING

BEFORE THE HONORABLE E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

VOLUME III
JULY 20, 2005

APPEARANCES:

For Petitioner:     Christopher E. McGraugh, Esq.
                    LERITZ AND PLUNKERT
                    One City Centre, Suite 2001
                    St. Louis, MO 63101

                    Michael J. Gorla, Esq.
                    720 Olive, Suite 1630
                    St. Louis, MO 63101

For Respondent:     Steven E. Holtshouser, AUSA
                    Joseph M Landolt, AUSA
                    OFFICE OF U.S. ATTORNEY
                    111 South Tenth Street, 20th Floor
                    St. Louis, MO 63102

REPORTED BY:        SHANNON L. WHITE, RMR, CCR, CSR
                    Official Court Reporter
                    United States District Court
                    111 South Tenth Street, Third Floor
                    St. Louis, MO 63102
                    (314) 244-7966

PRODUCED BY COURT REPORTER COMPUTER-AIDED TRANSCRIPTION

•

2

(PROCEEDINGS STARTED AT 9:50 A.M.)

Page 1

**HOLDER**

THE COURT:  Good morning.

MR. HOLTSHOUSER:  Judge, I don't know if you got it, we left a message --

THE COURT:  I did.

MR. HOLTSHOUSER:  -- saying to hopefully forestall you or your law clerks doing any unnecessary work.

THE COURT:  No.  I did get it, and I appreciate it, because we had done a little bit of work last night and would have done more this morning.  I thank you for the call.

MR. GORLA:  Judge, I think at this point what we'd like to do, Judge, is we would like to introduce into evidence -- and I don't really know if it's necessary or not because you already took judicial notice of the Eighth Circuit file, but we want to play a portion of the oral argument that took place at the Eighth Circuit, two small portions involving Jennifer Brewer.

MR. MCGRAUGH:  21 and 22.

THE COURT:  Both are tapes?

MR. GORLA:  Yes, sir.  I would like to play that now, Judge.

THE COURT:  You may do so, whenever you're ready.  Both are received.

(PLAYING AUDIO TAPE.)

MR. GORLA:  Judge, I'm now going to put in what I've

•

marked as Exhibit 22, which picks up in the beginning of --

THE COURT:  Are there transcripts of those tapes?

MR. GORLA:  I don't believe there is, Judge.  If you would like, I can --

THE COURT:  No.  The tapes will be fine.  I just

**HOLDER**

thought if there were transcripts, they're a little easier to deal with.

MR. HOLTSHOUSER:  We don't believe there are.

MR. GORLA:  I don't think there are, Judge, but I can get together with the government lawyers, and we can possibly --

THE COURT:  No.  I will listen to all the tapes.  That's fine.

(PLAYING AUDIO TAPE.)

MR. GORLA:  That concludes, Judge, the plaintiff tapes.

THE COURT:  The information I had from the message was that some deposition testimony would be offered; am I correct?

MR. GORLA:  That is correct, Your Honor.

MR. HOLTSHOUSER:  Judge, just to clarify for your purposes with respect to the tape you just heard, the date was January 10, 2000.

THE COURT:  All right.

MR. HOLTSHOUSER:  The date of the oral argument.  The

4

first excerpt was the beginning of Ms. Brewer's opening argument, and then the second excerpt was the beginning of her rebuttal argument.

THE COURT:  All right.

MR. GORLA:  Judge, that is correct.

MR. HOLTSHOUSER:  And you're offering the entirety of both tapes, right?

MR. GORLA:  We are offering the entirety of both

Page 3

**HOLDER**

tapes.  And I understand they're already admitted into evidence.  Is that correct, Judge?

THE COURT:  That's correct.  Now, having said that, are there any parts of those tapes that you believe I should consider or only the parts you played?

MR. GORLA:  Judge, I believe that the only relevant parts to any of the issues raised in this case are the parts that we just played in court today.

THE COURT:  And those are the only parts I will consider.

MR. HOLTSHOUSER:  It would be our request, Judge, that there are other parts that may be relevant to this extent, but Mr. Simon, the attorney for Mr. Allen, is arguing at the same time -- this is as a joint argument of both Allen and Holder.  So what Mr. Simon argues and doesn't argue in his oral argument we think is relevant.  What Ms. Brewer hears Mr. Simon argue is relevant, as well as what Ms. Brewer chose

5

to argue amongst the issues that she had raised in her briefs we think is relevant.

THE COURT:  I will consider the entire tapes.

MR. HOLTSHOUSER:  Thank you, Judge.

MR. GORLA:  Judge, as you mentioned earlier, we have an agreement with the Government where the Government took Mr. Holder's deposition on July 7 of 2005, and we're going to offer that in this case as his testimony.

THE COURT:  Can that be marked now as Plaintiff's Exhibit No. 23?

MR. GORLA:  Yes, sir.

THE COURT:  When was that deposition taken?

**HOLDER**

MR. GORLA:   July 7, 2005, Your Honor.

THE COURT:   It will be received.

MR. GORLA:   Thank you, Judge.   Judge, would you want -- let me tell you about the deposition.   The deposition, Mr. Holder signed the deposition, Judge, but he didn't sign it in front of a notary public.   If you want him to come up to the podium to examine him and ask him if this is his signature if he signed this and if this is his testimony that he gave under oath and that we are offering this as his testimony in this matter.

THE COURT:   Yes.   Would he please come to the microphone?

MR. HOLTSHOUSER:   Judge, and as well, we would

6

request that a record be made on the decision he is making to not testify live but to submit his testimony through the deposition.

THE COURT:   Very well.

MR. HOLTSHOUSER:   If you would, please.

THE COURT:   Morning, Mr. Holder.   I have some questions to ask you.   What I would like to do is ask the questions and then have you pause before you answer so Mr. Gorla can enter an objection before you answer.   Will you do that?

MR. HOLDER:   Yes, Your Honor.

THE COURT:   I would also ask you please to think only about the questions and only answer the questions and not say anything in the record that might be harmful to you.   Do you understand that?

**HOLDER**

MR. HOLDER:   Yes, Your Honor.

THE COURT:   Yesterday evening there was a discussion up here --

THE CLERK:   Do you want him sworn?

THE COURT:   Okay.   It's a good time.

(DEFENDANT SWORN BY THE CLERK.)

THE COURT:   Yesterday evening at the bench there was a rather lengthy conference with your attorneys and with attorneys for the Government concerning the issue of whether or not you would be offering testimony in this case.   Some of

●

7

the issues discussed were if you offered testimony, that there was a question as to what would be the extent that you could be cross-examined about issues other than the testimony that you would be giving.

And we left the courtroom yesterday evening with a view that there would be research done by all -- by your lawyers, by attorneys for the Government, and we would do some in chambers to determine precisely how that might be handled.

I understand now that a decision has been made that your deposition will be offered in evidence, and I've already received it in evidence, and that will be received instead of you testifying.

Now, I'm going to ask you a question if that's your understanding, but wait and allow Mr. Gorla a chance to object if he cares to.   Is that your request?

MR. HOLDER:   Yes.

THE COURT:   Have you talked about this issue of whether or not you should testify live in this proceeding with Mr. McGraugh and Mr. Gorla?

**HOLDER**

MR. HOLDER:  Yes.

THE COURT:  All right.  Do you believe that it's in your best interest, after your conversations with your attorneys, to submit the deposition rather than testifying live here in court?

MR. HOLDER:  Yes, Your Honor.

•

**8**

THE COURT:  All right.  Is there any other record in that regard that needs to be made before I ask about the signature issue?

MR. GORLA:  I don't believe so, Your Honor.

THE COURT:  I understand that your deposition was taken on July 7, 2005.  Is that true?

MR. HOLDER:  Yes.

THE COURT:  Where was that deposition taken?

MR. HOLDER:  It was taken here.

THE COURT:  Here in St. Louis?

MR. HOLDER:  Yes, sir.

THE COURT:  Very well.  Have you had an opportunity to review that deposition after it was transcribed or typed up in written form?

MR. HOLDER:  Yes, I have, Judge.

THE COURT:  Are there any parts of that deposition that you believe are inaccurate or need to be modified in any way?

MR. HOLDER:  No.

THE COURT:  All right.  You have entered a signature on the deposition.  What page is that on, Mr. Gorla?

MR. GORLA:  It's on page 147, Your Honor.

**Page 7**

HOLDER

THE COURT:  Is that your signature that appears on 147?

MR. HOLDER:  Yes.

9

THE COURT:  And do you now swear on the record that that is your signature?

MR. HOLDER:  Yes, Judge, it is my signature.

THE COURT:  All right.  I'm satisfied.  I will not be asking any more questions unless either party believes there is some matter that needs to be discussed further.

MR. HOLTSHOUSER:  No, Your Honor.

MR. GORLA:  No, Your Honor.

THE COURT:  Thank you very much, Mr. Holder.  Nice to see you today, sir.

MR. HOLDER:  Thank you.

THE COURT:  I now have received the deposition into the record.

MR. GORLA:  Thank you, Judge.

MR. HOLDER:  Thank you.

MR. GORLA:  Judge, that concludes our case.

THE COURT:  The plaintiff rests.  Will there be evidence presented by the Government?

MR. HOLTSHOUSER:  No, Your Honor.

THE COURT:  All right.

MR. MCGRAUGH:  Your Honor, may I raise just one item?

THE COURT:  Yes, sir.

MR. MCGRAUGH:  There's been discussions with the Government, as Mr. Holtshouser pointed out yesterday, it's rather informally we have proceeded in discovery in this

Page 8

**HOLDER**

10

matter.   And there was a request some time ago made related to whether the Government had any notes, particularly trial notes, that were taken during trial by the Government or their agents as related specifically as to whether they noted in their notes, trial notes, whether Mr. Shaw was sleeping.

It's my understanding from talking to Mr. Holtshouser and Mr. Landolt that they first have to try to locate -- if these notes exist, they have to locate those notes, and they would provide those to us if they do in fact exist.   And at that time, we would obviously augment or attempt to augment the record with that evidence.

THE COURT:   That would be permitted.

MR. HOLTSHOUSER:   The only mentioned agents' notes, we don't have -- I mean, we don't have, at this point, access to any notes of agents that they may or may not have taken during the trial.   They weren't being asked to take notes. They weren't participants.   They were observers and so forth. So I don't even know if such notes exist.

We do not have access to or control over those notes. If we have -- our own notes have been preserved in a closed file, we will search them and look at them, and if there's anything in there pertaining to the issue of sleeping, we will then discuss the issue of production further.

MR. MCGRAUGH:   The request would go to the notes in the possession of the Government.

11

THE COURT:   All right.   Very well.   And I want to

**Page 9**

**HOLDER**

discuss just briefly the briefing schedule.  First of all, there will be a period of time for preparation of a transcript.  That will be at least 30 days.  And then I would like your recommendations for submitting briefs after that period of time when you receive the transcripts.

MR. HOLTSHOUSER:  Judge, what we're discussing is 60 days from the date the transcript is received that the plaintiff's post hearing brief would be due.  Our reply would be due 60 days after that and then 20 days after that for rebuttal.

THE COURT:  That briefing schedule is adopted.

MR. HOLTSHOUSER:  Judge, with respect to the notes, just to jump back to that real quick, so the Court is clear, we are not actually agreeing to produce any notes at this stage.  If we identify notes that are responsive to their request, then there would be -- we probably would have further proceedings in front of the Court as to whether they are subject to production or not.

THE COURT:  Very well.

MR. HOLTSHOUSER:  Just so that's clear to you.

MR. GORLA:  Judge, is there any particular way you want us to set this out?  Do you want to do proposed findings of fact or conclusions of law?

THE COURT:  No, no.  I really -- not to suggest that

•

12

proposed findings of fact are not well prepared, that's not the case, but in the 20-some years I've been doing this, I've only, on one occasion, adopted a couple findings of fact, a couple paragraphs.  I always prepare my own, and I find that that is just requiring you to do unnecessary work.  Just

**HOLDER**

prepare, you know, the customary statements of facts thoroughly and all conclusions of law that you believe are necessary.

There are no page limitations. Obviously, concise writing is always helpful, but do not -- if you prefer it, if you care to present proposed findings of fact, I will read them, but I will not be adopting them on either side.

MR. GORLA: Thank you, Judge.

MR. HOLTSHOUSER: With respect to exhibits, it would be our request to have an opportunity to copy the exhibits that were received, exchange them, and then produce a copy, one set of -- and is a copy suitable for the Court?

THE COURT: Yes. I prefer a copy so I can mark them, and I would prefer you keep the originals.

MR. HOLTSHOUSER: Okay. Do you want to have that, set a deadline for that? Ten days from now?

THE COURT: Or you can, you know, when the transcripts --

MR. HOLTSHOUSER: How much time do you want?

MR. MCGRAUGH: Can we get it back -- run the time

13

that we get the transcript?

THE COURT: Sure, that's fine.

MR. MCGRAUGH: Because the disks themselves, that's a box worth of documents right there.

THE COURT: Anything further?

MR. HOLTSHOUSER: No, Your Honor.

MR. GORLA: No, Your Honor.

THE COURT: During the course of this proceeding,

HOLDER

several times within chambers we have discussed the excellent lawyering skills that have been presented on both sides.  I compliment both teams.  It's been my pleasure to hear this proceeding, and we'll be doing our work as soon as we get your briefs.  Thank you.

MR. HOLTSHOUSER:   Thank you.

MR. GORLA:   Thank you.

MR. MCGRAUGH:   Thank you.

THE COURT:   Court's in recess.

(PROCEEDINGS CONCLUDED AT 10:15 A.M)

•

CERTIFICATE

I, Shannon L. White, Registered Merit Reporter, hereby certify that I am a duly appointed Official Court Reporter of the United States District Court for the Eastern District of Missouri.

I further certify that the foregoing is a true and accurate transcript of the proceedings held in the above-entitled case and that said transcript is a true and correct transcription of my stenographic notes.

**Page 12**

**HOLDER**

I further certify that this transcript contains pages 1 through 14 inclusive and that this reporter takes no responsibility for missing or damaged pages of this transcript when same transcript is copied by any party other than this reporter.

Dated at St. Louis, Missouri, this 24th day of August, 2005.

_____
/s/Shannon L. White
Shannon L. White, RMR, CSR, CCR
Official Court Reporter
111 S. 10th Street, 3rd Floor
St. Louis, MO  63102
(314) 244-7966