UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NORRIS HOLDER,                          )
                                        )
            Movant,                     )
                                        )
v.                                      )        No. 4:03CV923 ERW
                                        )
UNITED STATES OF AMERICA,               )
                                        )
            Respondent.                 )

## GOVERNMENT'S MOTION TO STAY BREIFING ON MOVANT'S SECTION 2255 MOTION OR IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO FILE RESPONDENT'S POST-HEARING BRIEF

Comes now the United States of America, by and through its attorneys, Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri, Steven E. Holtshouser and Joseph Landolt, Assistant United States Attorneys for said District and requests that briefing in this case be stayed or, in the alternative, that the Government be granted an extension until June 30, 2006 to file its post-hearing brief and in support thereof states as follows:

### I. Stay of Briefing

As this Court is aware, a significant issue in movant's motion under 28 U.S.C. § 2255 is related to an issue still being litigated by his co-defendant, Billie Jerome

1

Allen, in Allen's pending direct appeal. In February, 2006, the Solicitor General of the United States filed a brief in the United States Supreme Court in the case of Billie Jerome Allen v. United States of America, No. 05-6764 responding to Allen's petition for a writ of certiorari. A copy of the Solicitor General's brief is attached to this motion. Essentially, the Solicitor General requested the Supreme Cour to hold action on Allen's petition pending the Court's disposition of two cases, one being United States v. Resendiz-Ponce, 425 F.3d 729 (9th Cir. 2005), a case in which the Solicitor General is requesting that a writ a certiorari be granted, and the case of Washington v. Recuenco, No. 05-83 (cert. granted October 17, 2005). In the Receunco case, the question presented is whether an error in enhancing a sentence based on a fact not found by the jury is, like the omission of an offense element from the jury instructions, susceptible to harmless-error analysis. Although the Resendiz -Ponce case presents an issue nearly identical to the Allen case, the Court's decision is Receunco could impact both Allen and Resendiz-Ponce.

Obviously the outcome of the Allen case and the pending Supreme Court cases will have a great impact on the viability of Movant Holder's Section 2255 motion and his claims of ineffective assistance of counsel. The action of the Supreme Court in the pending cases could render Mr. Holder's argument moot or result in the need for further proceedings in this matter. The Government respectfully suggests that it

2

would not be an efficient use of judicial resources to consider or determine all of the issues raised by Movant Holder's Section 2255 only to have a single issue obviate said efforts.

The Government is requesting to stay the briefing in this matter pending the outcome of the Allen case. The undersigned has consulted with counsel for Movant, Christopher McGraugh and Michael Gorla, and both counsel agree that it would be appropriate to stay briefing in the Holder Section 2255 motion and join in this request.[1]

## II. Alternative Motion for Extension of Time to File Respondent's Post-Hearing Brief

The attorneys representing the Government in the Section 2255 matter of Mr. Holder are Steven E. Holtshouser and Joseph M. Landolt. No other attorneys currently employed by the U.S. Attorney's office are familiar enough with the background of this case to represent the Government. Movant's post-hearing brief was filed on December 9, 2005. For the months of December 2005 and January 2006, Mr. Holtshouser was working seven days a week, approximately 10 to 12 hours per day, investigating and preparing the matter of United States v. Otis McAllister, No.

---

[1] The best information that we have from the Solicitor General's office is that if certiorari is granted in either Allen or Resendiz-Ponce, argument would be heard in the fall. Argument in Recuenco is expected next month.

3

4:05CR00085 HEA, for trial. The McAllister case involved a multi-state, five-year conspiracy to rob 18 banks in which the robbers stole a total of $1.4 million dollars. The case involved numerous cooperating witnesses, wiretap interceptions and forensic and scientific evidence. The trial began on January 30, 2006 and was expected to last three weeks. On eighth day of trial, the defendant plead guilty.

Since the date of Mr. McAllister's plea, Mr. Holtshouser has been working the same schedule in connection with preparing for the trial of United States v. Robert Bolden, No. 4:02CR00557 CEJ, scheduled to begin trial on April 24, 2006. Trial is expected to last five weeks, as the Bolden case is a Capital Case in which a guard was murdered in the course of a bank robbery. Currently, in the Bolden case, the parties are under a deadline of March 8, 2006 to evaluate and confer on cause strikes based on jury questionnaires submitted to 250 jurors. In addition, Daubert hearings are scheduled in late-March involving challenges both to DNA evidence and to forensic ballistics evidence. The latter is a novel challenge and may require extensive preparation to handle properly. Mr. Holtshouser is co-counsel on this case along with Michael Reilly.

Similarly, substantial demands are placed on Mr. Landolt's time. Mr. Landolt is the office Appellate Counsel, Ethics Advisor and Professional Responsibility Officer. In his role as Appellate Counsel, Mr. Landolt must review, edit and revise

all criminal and civil briefs filed in the Eight Circuit and other appellate courts. The volume of criminal appellate work within the office has increased dramatically since the Booker decision. Fully twice the number of criminal appellate briefs have been filed in calendar 2006 compared to the same time period last year. Moreover, there has been a corresponding increase in civil appellate litigation due to the burgeoning volume of immigration appeals. The Office of Immigration Litigation and the Southern District of New York have been overwhelmed by the weight of immigration appellate matters for which they are responsible and have had to distribute work load to United States Attorneys' offices throughout the country. This office has received a substantial number of these matters which require briefing in the Second, Eighth and Ninth Circuit Courts of Appeal. These responsibilities are in addition to the normal volume of civil appellate work within this office. Mr. Landolt is also the author of the Excerpts From Eighth Circuit Slip Opinions in Criminal Cases ("the Excerpts") which are distributed at the end of each month to all United States Attorneys offices throughout the Eighth Circuit, the Criminal Division of the Department of Justice, several Federal Public Defenders throughout the Eighth Circuit and Federal District and Magistrate Judges in this District. The Excerpts contain a synopsis of every criminal law decision published by the Eighth Circuit and is organized in a user-friendly format. The dramatic increase in the number of post-

5

Booker criminal cases requires a commensurate increase in the effort required to produce the Excerpts. The final compilation for 2005, which is currently being prepared, is over 420 single spaced pages in length. Mr. Landolt is also a member of the DOJ Appellate Chiefs Working group, which requires travel to Washington, D. C., regular comprehensive responses to requests for positions on appellate issues and time consuming preparation for the Appellate Chiefs Conference which will be held in May.

Mr. Landolt's duties as Ethics Advisor are also demanding. In addition to handling the office ethics training requirements and responding promptly to ethics issues as they arise, Mr. Landolt is responsible for conducting semi-annual conflicts review which requires surveying every case within the office to determine if potential conflicts of interest exist and taking appropriate prophylactic actions as necessary. This survey is currently being conducted. In addition, he is a member of the Eighth Circuit Criminal Jury Instruction Committee which meets regularly to draft and propose new and amended Model Criminal Jury Instructions for this Circuit.

The issues raised by Mr. Holder are serious issues that cannot be addressed hastily. A lengthy record was made last summer during the hearings and numerous exhibits were introduced. Numerous legal issues were raised by Movant's motion. For Mr. Holder, the best outcome of these motions would be either a new trial or

6

converting his death sentence to life in prison without parole. While Mr. Holder is entitled to a prompt resolution of his motions, he would not be prejudiced by the requested extension of the briefing schedule. The Government has also discussed this request with Mr. McGraugh and Mr. Gorla and they do not object to the Government's extension.

Accordingly, if this Court rejects a request to stay briefing in this case pending the outcome of the Allen case, the Government respectfully requests an extension of time until June 30, 2006 to file Respondent's post-hearing brief.

Respectfully submitted,

CATHERINE L. HANAWAY
United States Attorney

/s/ Steve Holtshouser
STEVEN E. HOLTSHOUSER, #24277


/s/ Joseph M. Landolt
JOSEPH M. LANDOLT, #6484
Assistant United States Attorneys
111 South 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200 (phone) (314) 539-2309 (fax)


## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2006, the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Christopher E. McGraugh
Attorney at Law
1 City Centre, Suite 2001
St. Louis, MO 63102

Michael J. Gorla
Attorney at Law
720 Olive, Suite 1630
St. Louis, MO 63101

/s/Steve E. Holtshouser
Assistant United States Attorney