UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NORRIS G. HOLDER, JR., | ) | |
| | ) | No. 4:03-cv-00923-ERW |
| Movant, | ) | |
| | ) | |
| v. | ) | **CAPITAL CASE** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION FOR ORDER GRANTING ACCESS TO EXAMINE AND TEST BALLISTICS EVIDENCE**

Movant Norris G. Holder, Jr., through his undersigned counsel, respectfully moves this Court for an order directing the United States to grant him access to all ballistics evidence associated with his case, so that he may independently examine and test that evidence. In support of this motion, counsel states:

1. This is a death penalty case. In 1998, Mr. Holder was convicted of two federal capital crimes and sentenced to death in case number 97-cr-141. Mr. Holder's conviction and sentence were subsequently upheld on direct appeal and following his motion for relief under 28 U.S.C. § 2255.

2. Accordingly, Mr. Holder must now consider the possibility of seeking executive clemency from the President of the United States.

3. Under 18 U.S.C. § 3599(e), undersigned counsel's representation of Mr. Holder includes all necessary investigation and advocacy associated with the executive clemency process. Section 3599(f) directs the court to authorize all investigative, expert, or other services reasonably necessary to counsel's representation of Mr. Holder.

4. Throughout Mr. Holder's case, an important issue has been whether or not Mr. Holder fired his weapon during the bank robbery that resulted in a security guard's death. At trial, the government presented evidence from a ballistics expert, Frank Stubits, who testified that at least two of the fired shots could have come from Mr. Holder's weapon. However, the expert's report stated that the ballistics evidence associated with those shots was "inconclusive" with respect to Mr. Holder's weapon.

5. Although Mr. Holder testified at trial that he never fired his weapon, and his trial counsel stressed that testimony in support of his defense theory, trial counsel did not retain an expert to have the ballistics evidence independently tested. Similarly, although Mr. Holder's former post-conviction counsel asserted a claim that trial counsel was ineffective for not consulting with an independent ballistics expert, those same post-conviction lawyers did not themselves hire a ballistics expert or seek to have the evidence independently tested.

6.  As is standard in the Eastern District of Missouri, the trial exhibits, including the bullet fragments, shell casings, and weapons, were returned to the government after Mr. Holder's trial. It is counsel's understanding that the government retains custody and control over those materials.

7.  In late 2013, the undersigned (who, along with attorney Joseph Luby, had been appointed to replace Mr. Holder's original post-conviction attorneys) retained Ed Hueske, a well-known ballistics expert. Mr. Hueske's curriculum vitae is attached.

8.  Counsel then requested access to the ballistics evidence from the United States Attorney's Office for the Eastern District of Missouri so that Mr. Hueske could examine and test it. The government denied this access. Counsel repeatedly sought to modify the request in order to assuage any concerns on the government's part, including offering to have an expert bring in equipment to conduct the necessary testing at the U.S. Attorney's Office in St. Louis. These efforts were unsuccessful, and on April 16, 2014, United States Attorney Richard Callahan sent the attached letter to counsel, communicating a complete refusal to provide Mr. Holder with access to the ballistics evidence.

9.  While Mr. Callahan is correct that Mr. Holder's former attorneys never requested access to the ballistics evidence, this is not a reason to deny

it now. Quite to the contrary, the failure to subject that evidence to independent testing is an issue of the utmost importance in Mr. Holder's case, particularly as it reaches the executive clemency stage. Indeed, the government has consistently used Mr. Stubits' testimony to undermine Mr. Holder's credibility and to advocate in support of the death penalty for him.

10. It is unconscionable that, in a death penalty case, the government is refusing to provide the defense with access to evidence simply because the defendant's former lawyers didn't request that access. Any failures of Mr. Holder's former counsel should not provide a basis to withhold evidence, and to prevent Mr. Holder from developing a complete and accurate presentation of his case for executive consideration. Indeed, applications for executive clemency encompass all of the facts that resulted in a conviction and sentence of death and not just a review of the facts that may have been previously presented by Mr. Holder's counsel.

11. As noted above, the Capital Habeas Unit of the Eastern District of Arkansas Federal Public Defender's Office has retained Ed Hueske as an independent ballistics expert. Mr. Hueske will require access to all of the bullet fragments, shell casings, weapons, and other ballistics evidence associated with Mr. Holder's case in order to examine and test them and compare his results to those of Mr. Stubits.

WHEREFORE, counsel respectfully requests that this Court grant this motion and enter an order directing the government to release all ballistics evidence associated with Mr. Holder's case to defense expert Ed Hueske for examination and testing.

Respectfully Submitted,
JENNIFFER HORAN
FEDERAL DEFENDER


By:    /s/Scott W. Braden_____
       Scott W. Braden
       Assistant Federal Defender
       Arkansas Federal Defender Office
       Ark Bar Number 2007123
       1401 West Capitol, Suite 490
       Little Rock, Arkansas 72201
       (501) 324-6114

       Counsel for Norris Holder


## CERTIFICATE OF SERVICE

The undersigned certifies that on this __2nd__day of March, 2016, a copy of the foregoing Motion was served via the CM/ECF electronic filing system upon: Joseph Landolt, Assistant United States Attorney, joseph.landolt@usdoj.gov; Roger Keller, Jr., Assistant United States Attorney, roger.keller@usdoj.gov, and the Office of the United States Attorney for the Eastern District of Missouri, usamoe.crimdock@usdoj.gov.

/s/ Scott W. Braden
Scott W. Braden