**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NORRIS G. HOLDER, JR.,** | ) | |
| | ) | **No. 4:03-cv-00923-ERW** |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **CAPITAL CASE** |
| | ) | |
| **UNITED STATES OF AMERICA,)** | | |
| | ) | |
| **Respondent.** | ) | |

**OBJECTION TO SECOND MOTION FOR EXTENSION OF TIME TO
RESPOND TO MOVANT'S MOTION FOR ORDER GRANTING ACCESS
TO EXAMINE AND TEST BALLISTICS EVIDENCE**

Comes now Norris G. Holder, Jr., through counsel, and hereby objects to the

second request for an extension of time to answer Mr. Holder's motion for access

to bullet and firearm evidence and to conduct ballistic testing, for the following

reasons:

**BRIEF IN SUPPORT**

On March 2, 2016, thirty five days ago, Mr. Holder requested that he be

granted access to "all ballistic evidence associated with his case" so that he could

conduct independent examination and testing never conducted by defense counsel

at trial. Motion (ECF No. 128). On March 7, 2016 the Respondent requested an

extension to respond to Mr. Holder's motion. (ECF. No. 129). This request was

granted. Order (ECF No. 130).

The material requested by Mr. Holder was and remains in the possession of the United States Attorney for the Eastern District of Missouri.

Mr. Holder objects to any further extension of time in this matter for three reasons.

First, the Respondent states that the request to examine this information was denied by the Respondent two years ago but "only now does Holder move for its compulsion." Motion for Extension of Time (ECF No. 133 at 2). At the time that the Respondent denied Mr. Holder's request to conduct ballistic examination the jurisdiction in this matter rested with the United States Court of Appeals for the Eighth Circuit. Ultimately, the United States Supreme Court denied a petition for a writ of certiorari in this matter, thereby returning jurisdiction to this Court.

Once certiorari was denied Mr. Holder's counsel began preparation for the process of executive clemency.

Secondly, the Respondent cannot deny the importance of the ballistic evidence in Mr. Holder's case. The Respondent has argued to this Court that "[t]he ballistics evidence was also far less crucial to proving Allen's guilt than it was to proving Holder's guilt." Government's Response to Motion for Leave to Supplement the Amended 2255 Motion with Ground "S" and to the Merits of Petitioner's Ground "S", *Allen v. United States of America*, Case No. 4:07CV0027 ERW, Eastern District of Missouri (ECF. 107 at 12). The Respondent admits,

2

without equivocation, that Mr. Holder did not kill Mr. Heflin and that all of the evidence "unquestionably identified Allen as the robber who murdered Mr. Heflin." *Id.*

The Respondent discusses the reason why the ballistic evidence is more important to the conviction of Mr. Holder. The Respondent, while recognizing Mr. Holder did not fire the fatal shot, argues the ballistic evidence was used not to show that Mr. Holder was a "contributing shooter" but to establish the statutory aggravating circumstance of the endangerment of others. *Id.* at 13 note 4.

The ballistic and firearm evidence here was used to increase Mr. Holder's culpability in this matter, as admitted by the Respondent. This is the type of issue that is particularly ripe for consideration in executive clemency.

Finally, the United States Department of Justice has recently announced that it intends to extend its review of forensic evidence to include not only finger print evidence but also ballistic examinations. Department of Justice officials have stated that initial review of the Federal Bureau of Investigation laboratory and laboratories that do work on behalf of the FBI lab "finds systemic problems in forensic discipline." https://www.washingtonpost.com/local/public-safety/justice-department-frames-expanded-review-of-fbi-forensic-testimony/2016/03/20/ed536702-eed9-11e5-85a6-2132cf446d0a_story.html (last viewed April 7, 2016).

The ballistic examination here was conducted by the laboratory of the St. Louis Police Department on behalf of the Department of Justice. The review announced by the Department of Justice includes laboratories that work on behalf of the Department of Justice such as the St. Louis Police Department Forensic Laboratory.

There is no reason to delay examination of the ballistic evidence here. This evidence was used by the Respondent not just to show that Mr. Holder is guilty of the crimes charged but to aggravate his crime to increase his punishment. Mr. Holder seeks to promptly begin his clemency proceedings or he risks being accused of delay. The ballistic issues here are relevant to clemency review.

For these reasons, this Court should deny the Respondent's motion for a second extension.

Respectfully Submitted,

JENNIFFER HORAN
FEDERAL DEFENDER

By:    /s/Scott W. Braden_____
       Scott W. Braden
       Assistant Federal Defender
       Arkansas Federal Defender Office
       Ark Bar Number 2007123
       1401 West Capitol, Suite 490
       Little Rock, Arkansas 72201
       (501) 324-6114

Counsel for Norris Holder

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on this __7th___day of April, 2016, a copy of the foregoing Objection was served via the CM/ECF electronic filing system upon: Cristian Smith, Assistant United States Attorney, cris.smith@usdoj.gov, Joseph Landolt, Assistant United States Attorney, joseph.landolt@usdoj.gov; and the Office of the United States Attorney for the Eastern District of Missouri, usamoe.crimdock@usdoj.gov.

/s/ Scott W. Braden
Scott W. Braden