**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NORRIS G. HOLDER,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 4:03CV923 ERW** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MOTION TO DISMISS MOTION FOR ORDER**
**GRANTING ACCESS TO EXAMINE AND TEST BALLISTICS EVIDENCE**

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Cristian M. Stevens, Assistant United States Attorney for said District, and moves to dismiss movant's motion for order granting access to examine and test ballistics evidence (Doc. #128), and movant's recent amendment thereto (Doc. #132). In support of its motion, the Government states as follows:

1. Nearly 20 years ago, movant Norris Holder was convicted of two capital crimes in connection with the vicious murder of bank security guard Richard Heflin, and sentenced to death on both counts. Holder's convictions and death sentences repeatedly have been affirmed on direct appeal and in the context of post-conviction relief under 28 U.S.C. §2255. The U.S. Supreme Court has denied Holder's petition for a writ of certiorari. Holder readily concedes that his "convictions and sentences were . . . upheld on direct appeal and following his motion for relief under 28 U.S.C. § 2255." Motion ¶ 1.

2. Despite nearly 20 years of process, and the denial of Holder's direct appeal and § 2255 motion, Holder now asks this Court to order the Government to produce the 1998 ballistics

1

evidence to a purported ballistics expert retained by defense counsel.   Holder's argument is that the evidence may be relevant to a contemplated clemency petition to reduce his sentence.

3.   Not inconsequentially, Holder filed the instant motion in case number 4:03CV923 ERW, the closed civil case number assigned to Holder's failed § 2255 motion in 2003, apparently because no other procedural avenue exists for such a motion.

4.   Nor does § 2255 provide a jurisdictional basis for Holder's motion.   That section requires that, before a district court may consider a second or successive § 2255 motion, that motion must be certified by a panel of the appropriate court of appeals to contain either newly discovered evidence establishing the movant's actual innocence or a new rule of constitutional law.   See 18 U.S.C. § 2255(h); see also Rule 9, Rules Governing § 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . .."); Nichols v. Symmes, 553 F.3d 647, 650 (8th Cir. 2009) (describing § 2255(h) certification requirement as "stringent").

5.   Holder has not sought the required certification.   He cannot establish, and does not even allege, actual innocence or a new constitutional rule.   Indeed, Holder's argument is not that the requested ballistics evidence has anything to do with his guilt or innocence, but that the evidence "was used to increase Mr. Holder's culpability in this matter" and may be useful in a contemplated petition.   Objection to Second Motion for Extension of Time (Doc. #134) at 3.

6.   To the extent Holder offers any legal basis for his motion at all, he makes oblique references to 18 U.S.C. § 3599(e) and (f), which merely sets forth the framework for appointment of counsel for indigent defendants in death penalty cases.   Motion ¶ 2.   Section 3599 certainly does not provide an independent jurisdictional basis for Holder's motion.

2

7.  Holder's motion should be dismissed for this Court's lack of jurisdiction to consider it.

8.  The Government respectfully requests that the Court toll its remaining time to respond to the merits of Holder's motion until the Court has issued an order deciding this motion to dismiss.   If the Court dismisses Holder's motion, any response on the merits would be rendered moot.

WHEREFORE, the Government respectfully requests that the Court dismiss Holder's motion for order granting access to examine and test ballistics evidence, and the amendment thereto.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

s/ *Cristian M. Stevens*
CRISTIAN M. STEVENS (#48028MO)
Assistant United States Attorney
111 S. Tenth Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 28th day of April, 2016, to Scott W. Braden, Assistant Federal Public Defender, 1401 West Capitol, Suite 490, Little Rock, Arkansas 72201.

s/ *Cristian M. Stevens*
Assistant United States Attorney

3