# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| NORRIS G. HOLDER, JR., | ) | |
| Plaintiff(s), | ) ) ) | |
| vs. | ) ) | Case No. 4:03CV00923 ERW |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the United States Motion to Dismiss Motion for Order Granting Access to Examine and Test Ballistics Evidence [ECF No. 137], Movant Norris Holder, Jr.'s Notice of Changed Economic Circumstances and Motion to Stay Order of Restitution [ECF No. 135], Movant Norris Holder, Jr.'s Motion for Order Granting Access to Examine and Test Ballistics Evidence [ECF No. 128], and Movant Norris Holder, Jr.'s Motion to Amend Motion for Order Granting Access to Examine and Test Ballistics Evidence [ECF No. 132].

In 1998, Movant Norris G. Holder, Jr. ("Holder") was convicted and sentenced to death for robbing a bank and killing a bank security guard. In 2003, Holder filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which was denied by this Court. Holder then moved, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend this Court's judgment, which was also denied. The denial of Holder's Rule 59(e) motion was affirmed by the Eighth Circuit Court of Appeals.

Presently before this Court is Holder's Motion for Order Granting Access to Examine and Test Ballistics Evidence [ECF No. 128], and the accompanying Motion to Amend the original Motion [ECF No. 132]. In his Motion, Holder asserts he is considering the possibility of seeking executive clemency from the President of the United States. To do so, he believes he needs to have the ballistics evidence, used in his criminal trial, tested by an independent expert. According to

1

Holder, an important issue in his case was whether he fired his weapon during the bank robbery. Holder states at trial, the Government presented evidence from a ballistics expert who testified at least two of the shots fired could have come from Holder's weapon. Holder testified he never fired his weapon, but trial counsel did not, nor did post-conviction counsel, hire a ballistics expert or seek to have the evidence independently tested. Holder now asks the Court to order the Government to grant him access to the evidence to have it tested.

The Government filed a Motion to Dismiss Holder's Motion for lack of jurisdiction. The Government argues before this Court can consider Holder's motion, which is a second or successive § 2255 motion, it must be certified by a panel of the Eighth Circuit Court of Appeals, which Holder has not done.

The Court agrees with the Government. This Court does not have the power to grant Holder's motion. Holder's motion should be brought as either a second or successive § 2255 motion, which must be certified by the Eighth Circuit before this Court can consider it, or as a civil action under 42 U.S.C. § 1983. 28 U.S.C. § 2255; *see also Durr v. Cordray*, 602 F.3d 731, 736 (6th Cir. 2010) (discussing the circuit split on whether a request for access to evidence for testing should be brought pursuant to § 1983 or a habeas petition). Filing the motion in Holder's § 2255 case, which has been denied by this Court and affirmed by the Eighth Circuit, is not proper and the Court lacks the ability to grant Holder's request in this case.

Holder asserted at oral argument on his motion, he could file a Rule 60(b) motion in this case, if the evidence shows he did not fire his weapon, pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). However, *Martinez*, and *Trevino* are inapplicable here. *Martinez* created a narrow exception to a procedural default when a federal district court is reviewing a state court decision under 28 U.S.C. § 2254. *Lee*, 792 F.3d at 1024. Under *Martinez*, "state collateral counsel's ineffectiveness in failing to raise a viable claim of ineffective assistance of by trial counsel can serve as cause to overcome the procedural default. *Id*. If prejudice can also be shown, then the procedural default may be excused and the merits of the

claim can be decided by the federal district court. *Id*. *Trevino* further extended this exception to "cover state review processes which make it virtually impossible to present a claim of improper assistance of trial counsel on direct appeal." *Id*. Both cases involve a federal district court's review of a state court decision in a § 2254 matter.

Here, Holder is suggesting the same rule should be applied to a review of claims not properly raised in a federal habeas proceeding under § 2255. Holder cited to *United States v. Lee*, 792 F.3d 1021 (8th Cir. 2015) in support of this proposition. However, *Lee* does not hold as Holder suggests. 792 F.3d at 1024. In *Lee*, the Eighth Circuit declined to expand *Martinez* and *Trevino* to claims not adequately raised in an initial § 2255 proceeding. *Id*. Lee argued for an extension of *Martinez* and *Trevino*, and the Eighth Circuit stated his arguments failed. *Id*. Therefore, this Court will also decline to extend *Martinez* and *Trevino* to cover claims not adequately raised in an initial § 2255 proceeding. In conclusion, Holder has provided no basis for the Court's authority to grant his motion.

In addition to his motion to gain access to ballistics evidence, Holder also filed a Notice of Changed Economic Circumstances and Motion to Stay Order of Restitution [ECF No. 135]. Holder asserts he has paid $54,405.00 of his restitution, but his restitution obligation imposes a significant hardship on him and those who provide support to him, because he is unable to obtain employment in prison as a death row prisoner. Holder requests the restitution order be stayed until he can gain employment in prison.

For the Court to do as Holder asks would essentially nullify Holder's restitution obligation. Therefore, the Court will not stay the order of restitution. However, the Court will limit the amount which can be taken each month from Holder's prison account to $30.00 per month with no less than $450.00 remaining in Holder's account at any time.

Accordingly,

**IT IS HEREBY ORDERED** that United States Motion to Dismiss Motion for Order Granting Access to Examine and Test Ballistics Evidence [ECF No. 137] is **GRANTED**.

Movant Norris Holder, Jr.'s Notice of Changed Economic Circumstances and Motion to Stay Order of Restitution [ECF No. 135] is **GRANTED, in part,** and **DENIED, in part**. The amount to be taken from Holder's prison account is limited to $30.00 per month with no less than $450.00 remaining in Holder's account at any time.

Movant Norris Holder, Jr.'s Motion for Order Granting Access to Examine and Test Ballistics Evidence [ECF No. 128] is **DENIED**.

Movant Norris Holder, Jr.'s Motion to Amend Motion for Order Granting Access to Examine and Test Ballistics Evidence [ECF No. 132] is **DENIED**.

So Ordered this 19th day of May, 2016.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE